Case 1:14-cv-07238-JCF Document 65-3 Filed 10/03/16 Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VINCENT RIEDEL, *on behalf of himself, FLSA*
*Collective Plaintiffs and the Class*,

       *Plaintiff,*    Case No. 14-cv-7238 (JCF)

  -against-

ACQUA ANCIEN BATH NEW YORK LLC, d/b/a
AIRE ANCIENT BATHS and ARMANDO PRADOS,

       *Defendants.*
-----------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/16

### ORDER APPROVING JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS, AND THE ENTRY OF FINAL JUDGMENT

  This matter having come before the Court for a fairness hearing on October 26, 2016, pursuant to the Court's Memorandum and Order Granting the parties' Joint Motion for Preliminary Approval of Settlement so ordered May 19, 2016 ("Order Granting Preliminary Approval") (Doc. 62), upon due and adequate notice having been given to the Settlement Class Members, as required by the Order Granting Preliminary Approval, and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement ("Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interest of the Federal and New York Classes as defined in the Court's Order Granting Preliminary Approval, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Joint Motion for Final Approval of Class and Collective Action Settlement, an Award for Attorneys' Fees and Expenses and Service Awards, and the Entry of Final Judgment, incorporating by reference the definitions in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York Class.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Proposed Class and Collective Action Settlement (the "Notice"), constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Settlement Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fulling with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Fed. R. Civ. P. 23 and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the Settlement, finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(a) and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Order Granting Preliminary Approval, and Orders all Parties to take the necessary steps to effectuate Settlement.

5. The Court hereby makes the following findings of fact:

   (a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate information and discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

   (b) The distribution of the Settlement is fair, reasonable, and equitable.

   (c) The Settlement provides for a Settlement Fund of $485,000. All Class Members who did not file a timely and valid Request for Exclusion will receive an amount based on the number of weeks that he or she worked between May 1, 2012 through August 14, 2015 (the "Relevant Time Period").

   (d) The Settlement provides for Service Awards totaling $22,100 to be paid to the following individuals based on the services they provided to the Class and Collective as follows: i. Vincent Riedel - $6,000; ii. Adia Gaines - $6,000; iii. Marie-Line Baker - $1,000; iv. Elizabeth Rios - $1,000; v. Charles Goings - $1,000; vi. Sam Kim - $1,000; vii. Marie Lytle - $1,000; viii. Yadayra Maldonado - $1,000; ix. Ramino Rodriguez - $1,000; x. Richard Valentine - $1,000, xi. Valerie Reed-Dogbe - $100; xii. Dominique Cox - $1,000, and: xiii. Aidan Farhi - $1,000, and will be deducted from the Settlement Amount.

(e) The Settlement also provides for a payment of $161,666.67, or the equivalent of one-third of the total original Settlement Fund to Class Counsel, plus their reimbursable costs.

(f) Class Administrator fees are being paid directly by the Defendants and are not being paid from the Settlement Fund.

(g) Given the disputed issues of fact and law and the risks to the Settlement Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement if fair, reasonable, and in the best interests of the Settlement Class Members.

(h) Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are highly favorable.

(i) Class Counsel has extensive experience in wage and hour collective and class action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the named Plaintiffs, Opt-in Plaintiffs and Settlement Class Members. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the litigation and because of their extensive experience in similar actions. Defendants' counsel likewise has experience in this area and they too believe that the Settlement is fair and reasonable.

(j) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the

Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

   (a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable due process requirements. The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

   (b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement is final and non-appealable.

   (c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault or wrongdoing of any kind.

   (d) The Named Plaintiffs, Opt-in Plaintiffs and all members of the Settlement Class (except Katherine Brito, Alec Menge, and Ruth Vera), who filed timely exclusion forms, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

   (e) All Class Members, including the Named Plaintiff and Opt-in Plaintiffs, save for the three who filed a Request for Exclusion from the Settlement, will

release Defendants from NYLL wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) The Named Plaintiff and Opt-in Plaintiffs will release Defendants from all FLSA claims that were asserted or could have been asserted in this lawsuit.

(g) All claims against Defendants in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

(h) Having reviewed the appropriate case law, the request for Service Awards is granted. Rust Consulting is hereby ordered to pay (i) Named Plaintiff, Vincent Riedel - $6,000; (ii) Adia Gaines - $6,000; (iii) Marie-Line Baker - $1,000; (iv) Elizabeth Rios - $1,000; (v) Charles Goings - $1,000; (vi) Sam Kim - $1,000; (vii) Marie Lytle - $1,000; (viii) Yadayra Maldonado - $1,000; (ix) Ramino Rodriguez - $1,000; (x) Richard Valentine - $1,000, (xi) Valerie Reed-Dogbe - $100, (xii) Dominique Cox - $1,000; and (xiii) Aidan Farhi - $1,000, each from the Settlement fund.

(i) Having reviewed the appropriate case law and Class Counsel's billing records, and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants, the Court finds that Class Counsel's application for attorneys' fees in the amount of $161,666.67 is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and

with no objection by Defendants, Class Counsel request for expenses in the amount of $4636.77 is granted. Rust Consulting is ordered to pay these amounts from the Settlement Fund.

(j) After the payments of the Service Awards, Class Counsels' fees and expenses, Rust Consulting is hereby ordered to distribute the Settlement Fund to the Settlement Class Members who did not timely file a Request for Exclusion form in accordance with the formula referenced above, with the remaining funds distributed pursuant to the Settlement Agreement.

8. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

SO ORDERED.

*/s/ James C. Francis IV*
The Honorable James C. Francis IV
United States Magistrate Judge

Dated: New York, New York
       October 26, 2016

Copies transmitted this date:

C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
30 East 39th Street, 2nd Floor
New York, New York 10016
(212) 465-1180
cklee@leelitigation.com
angela@leelitigation.com

Alexander T. Coleman, Esq.
**BORRELLI & ASSOCIATES, P.L.L.C.**
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
(516) 248-5550
atc@employmentlawyernewyork.com

Laurent S. Drogin, Esq.
Tara Toevs Carolan, Esq.
**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
ldrogin@tarterkrinsky.com
tcarolan@tarterkrinsky.com